## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LaMar and Kay Gunnarson, et al., | Civil No. 08-5095 (DWF/RLE) |
| Plaintiffs, | |
| v. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |
| Federal Deposit Insurance Corporation, as Receiver for First Integrity Bank, N.A., a Minnesota corporation, et al., | |
| Defendants. | |

---

Anthony N. Kirwin, Esq., John C. Ekman, Esq., and Randall J. Pattee, Esq., Lindquist & Vennum PLLP, counsel for Plaintiffs.

Cynthia P. Arends, Esq., Nilan Johnson Lewis PA; and Kevin D. Hofman, Esq., Halleland Lewis Nilan & Johnson, PA, counsel for Defendant Federal Deposit Insurance Corporation.

K. Patrick Kruchten, *Pro Se*, Defendant.

Bruce Carr, *Pro Se*, Defendant.

---

Based on the file, the court record and the appearance of counsel for Plaintiffs, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiffs invested significant amounts in Marco Associates, L.L.P., which was a partner in Marco Cat, L.L.P.

2. Specifically, Lamar and Kay Gunnarson invested $100,000, Henry and Mary Gempeler invested $100,000, Marlowe Senske invested $100,000, Gene and Mary Johnson invested $50,000, Ron Tobkin invested $50,000, and Phossco, L.L.C. invested $50,000.

3. Defendant K. Patrick Kruchten ("Kruchten") as the managing partner of Marco Associates, L.L.P., and also the Managing partner of TCK, L.L.P., which was the Managing Partner of Marco Cat, L.L.P. ("Marco Cat"). Marco Cat owned and operated the Olde Marco Inn & Suites in Marco Island, Florida.

4. Plaintiffs also invested significant amounts in Olde Marco Suites, L.P. ("OMS"), which was established to raise additional capital for Marco Cat. Plaintiffs who invested in OMS received a 99-year lease in a condominium unit at the Olde Marco Inn & Suites.

5. Specifically, Plaintiffs Lamar and Kay Gunnarson invested $195,000, Greg Thurman invested $138,000, and Catherine Gempeler invested $231,440.

6. In total, Plaintiffs invested at least $1,114,000 in Marco Associates and OMS.

7. In 2003, Marco Cat dissolved OMS. As part of the dissolution, Marco Cat gave investors "scrip" for a specific dollar amount corresponding to their percentage of ownership in OMS.

8. Marco Cat gave those investors an opportunity to obtain a debenture (note payable) from Marco Cat, or to apply the value of the scrip toward the purchase of a

deeded condominium within 30 days and to pay the difference in cash at closing. Kructhen's statement that all OMS scrip had to be applied to condominium purchases within 30 days was false.

9. Kruchten used his scrip purchase condominium units at the Olde Marco Inn & Suites after the expiration of that 30-day period and flipped the condominium to a third-party at a significant profit to himself.

10. The Plaintiffs who obtained OMS scrip were not given the opportunity to purchase a condominium after expiration of the 30-day period and sell it to a third party at a profit.

11. During 2004 and 2005, Kruchten improperly profited from real estate transactions involving partnership property. Kruchten did not inform Plaintiffs that he was profiting from real estate transactions involving partnership property.

12. In 2005, Kruchten fraudulently acquired a condominium unit from the partnerships and improperly profited from that transaction by inserting himself between the partnerships and third-party purchasers. Kruchten did not inform Plaintiffs of this transaction or the profits he received from it.

13. Kruchten also caused Marco Cat to deed him a penthouse condominium unit for $169,000, well below market value.

14. Kructhen sold this penthouse unit, netting in excess of $800,000 in profits.

15. Kruchten never disclosed to Plaintiffs that he received a deed to this penthouse unit for well below market value, or the profits realized on its sale.

16. In 2004 and 2005, Kruchten took in excess of $900,000 in payments from the Marco Cat on a debenture, which have not been returned.

17. Kruchten did not inform Plaintiffs of the payments he received from Marco Cat.

18. Plaintiffs did not receive any payments or other money from Marco Cat or Marco Associates.

**CONCLUSIONS OF LAW**

1. Kruchten had a duty to disclose to Plaintiff material information concerning partnership debenture payments and profits taken from fraudulent transactions concerning partnership property.

2. Kruchten's duty to disclose this information to Plaintiff arose under two "special circumstances" outlined in *Richfield Bank & Trust Co. v. Sjogren*, 244 N.W.2d 648, 650 (Minn. 1976).

3. Kruchten concealed from and failed to disclose to Plaintiffs material information concerning the partnership debenture payments, property transactions, OMS scrip, and profits taken from fraudulent transactions concerning partnership property in violation of his fiduciary duty and in violation of his duty to disclose information, without which, his affirmative statements were misleading.

4. Plaintiffs were damaged as a result of Kruchten's failure to disclose this material information to Plaintiffs.

5. Further, Kruchten obtained by false pretenses, false representations, and actual fraud money and property of Plaintiffs and the partnerships in which Plaintiffs were partners.

6. Kruchten made false representations and engaged in fraud in connection with the issuance and use of OMS scrip.

7. At the time Kruchten made these representations, Kruchten knew them to be false.

8. Kruchten made the representations concerning the OMS scrip with the intention and purpose of deceiving Plaintiffs and of inducing them to obtain Marco Cat debentures or using applying the value of OMS scrip to the purchase of a condominium unit within 30 days.

9. Plaintiffs reasonably relied on Kruchten's representations.

10. Plaintiff sustained damages as a proximate result of the misrepresentations and Kruchten's failure to disclose material information in the amount of $786,448.87 plus interest in the amount of $55,051.42.

Plaintiff's request for damages in the amount of $841,500.29 is hereby **GRANTED**.

**SO ORDERED.**

Dated: May 19, 2010

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge